with decisions of other courts striking down similar attempts by governmental bodies to regulate the private lives of their employees. In *Andrews* v. *Drew Municipal Separate School Dist.*, 507 F. 2d 611 (CA5 1975), cert. dismissed as improvidently granted, 425 U. S. 559 (1976), the Court of Appeals found that a school district rule barring employment of unwed parents was insufficiently related to any legitimate objective to satisfy the requirements of the Equal Protection Clause. Similarly, in *Drake* v. *Covington County Board of Education*, 371 F. Supp. 974, 979 (MD Ala. 1974), a three-judge District Court declared unconstitutional the dismissal of an unmarried, pregnant teacher, finding no compelling interest "which would justify the invasion of [the teacher's] constitutional right of privacy." See also *Mindel* v. *United States Civil Service Commission*, 312 F. Supp. 485 (ND Cal. 1970) (discharge of postal clerk for living with a woman not his wife held unconstitutional). These decisions reflect a considerably greater degree of solicitude for the privacy interests of public employees than was evident in the rulings of the courts below.

I believe that individuals' choices concerning their private lives deserve more than token protection from this Court, regardless of whether we approve of those choices. Accordingly, I dissent from the denial of certiorari.

No. 78–5582. ROGERS *v.* DOUGLAS ET UX. Ct. App. D. C. Certiorari denied. MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL would grant certiorari ▮▮▮▮▮▮▮▮▮▮▮▮▮

No. 78–5110. CRISAFI *v.* UNITED STATES, *ante*, p. 931; and

No. 78–5322. LINGHAM *v.* COMMISSIONER OF INTERNAL REVENUE, *ante*, p. 933. Petitions for rehearing denied.